ORIGINAL

Mark V. Oppenheimer #044622CT
3129 Sondra Drive #202
Fort Worth, Texas 76107
Voice: 817-808-6698

2004 DEC -7 AM 11: 49

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAROLYN E. BROWN, | § § § | Civil Action No. |
| Plaintiff, | § § | 4-04CV-891-A |
| vs. | § § | COMPLAINT and DEMAND FOR JURY TRIAL |
| BLALACK & WILLIAMS, P.C., | § § | |
| Defendant. | § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.  Plaintiff, CAROLYN E. BROWN, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants violations of the FDCPA.

2.  Defendant, Blalack & Williams, P.C. attempted to collect a consumer debt ('Debt") allegedly owed by Plaintiff arising from a purported obligation to Texas Employees Credit Union f/k/a TEECCO CREDIT UNION. The obligation ('Debt) required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

1   Original Complaint and Demand for a Jury by Carolyn E. Brown

## Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. §1692k (d), 28 U.S.C. §§1331 and 1337(a),

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

## Parties

5. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3).

6. Blalack & Williams, P.C. is a professional corporation engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Blalack & Williams, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

7. On August 15th, 2004, Defendant served a Garnishment Writ after Judgment on Bank One, N.A. garnishing all the funds on deposit with Bank One, N.A. belonging to the Plaintiff and her teenage son, Brandon Laury.

8. This action of garnishment is attempt to collect amounts due resulting from a judgment entered on August 27th, 1976 in County Court at Law No. 4, Dallas County, Texas, in

2   Original Complaint and Demand for a Jury by Carolyn E. Brown



Cause No. cc-76-6752-D and styled Teeco Credit Union vs. Carolyn Brown, Jointly and Severally, TEECO CREDIT UNION, n/k/a TEXAS EMPLOYEES CREDIT UNION in the sum of $445.00, together with attorneys fees and all court costs expended and post-judgment interest of 10% per annum. Said obligation allegedly has a balance of $2,874.95.

9. The Defendant did not serve serve a copy of the writ of garnishment on the Plaintiff as soon as practicable after the service of the writ of garnishment on Bank One, N.A. as required by Tex. R. Civ. P. § 663a (2003), in that it was sent by First Class Mail, on November 17th, 2004, two days after actual service was made on the garnishee bank.

10. The letter written and included in November 17th communication by two members of the Defendant law firm was the initial communication with the Defendant, the consumer.

11. Said letter, nor the enclosed copies of the legal documentation, did not include the written debt validation notice as required by 15 U.S.C. §1692g(a).

12. The Plaintiff received no further communication from the Defendant law firm.

13. The foregoing act and omission was undertaken on behalf of the Defendants by their agent, or employee, acting at all times relevant hereto within the scope of that relationship.

14. The foregoing act and omission of the Defendants was undertaken willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

15. The foregoing act and omission of the Defendant was undertaken indiscriminately, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

## First Claim for Relief

16. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. In violation of 15 U.S.C. § 1692d, and the "least sophisticated consumer standard," the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt.

    b. In violation of 15 U.S.C. § 1692f, and the "least sophisticated consumer standard," the Defendant used unfair and unconscionable means to collect a debt.

    c. In violation of 15 U.S.C. § 1692g(a), the Defendant failed to provide the Plaintiff with a written validation notice.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.. Declare that Defendants actions violate the FDCPA.

2. Enjoin the Defendants actions, which violate the FDCPA

3. Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorneys fees as provided by 15 U.S.C. § 1692k(a)

4. Grant such further relief as deemed just.

Dated: December 6th, 2004.

Respectfully submitted

_____
Mark V. Oppenheimer #44622CT
ATTORNEY FOR PLAINTIFF
3129 Sondra Drive #202
Fort Worth, Texas 76107
Voice: 817-808-6698

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated: Devember 6th, 2004.

Respectfully submitted,

_____
Mark V. Oppenheimer #44622CT
3129 Sonora Drive #202
Fort Worth, Texas 76107
Voice: 817-808-6698

ATTORNEY FOR PLAINTIFF