

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CAROLYN E. BROWN,<br>Plaintiff, | )<br>)<br>) |
| vs. | ) CASE NO. 4-04CV-891-A<br>) |
| BLALACK & WILLIAMS, P.C.,<br>Defendant. | )<br>)<br>) |

## DEFENDANT'S ORIGINAL ANSWER

Blalack & Williams, P.C., Defendant, files its Original Answer:

1. Defendant admits the jurisdictional allegations of paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations of paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations of paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits the allegations of paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations of paragraph 5 of Plaintiff's Complaint.

6. Defendant denies that its principal purpose of business is the collection of consumer debts as alleged in paragraph 6 of Plaintiff's Complaint. Defendant admits the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegation contained in Paragraph 7 of Plaintiff's Complaint that Defendant served a Garnishment Writ after Judgment on Bank One, N.A., but believes the date of service to be November 15, 2004. Defendant cannot admit or deny Plaintiff's allegation that the garnished funds belonged to Plaintiff and her son.

8. Defendant admits the allegations of paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegation contained in paragraph 9 of Plaintiff's Complaint that Defendant served Plaintiff notice of the garnishment on November 17, 2004. However, the notice was sent by both certified mail, return receipt requested and first class mail. Defendant denies that serving the service was not delivered in accordance with Texas Rule of Civil Procedure 663a.

10. Defendant denies the allegations of paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations of paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits the allegations of paragraph 12 of Plaintiffs' Complaint.

13. Defendant admits the allegations of paragraph 13 of Plaintiffs' Complaint.

14. Defendant denies the allegations of paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

16. Plaintiff's claims are not supported by the statute (the FDCPA) upon which Plaintiff relies. The FDCPA became effective on March 20, 1978. The validation section of the FDCPA, 15 U.S.C. 1692g(a) only applies to debts for which the initial attempt to collect occurs after the effective date. The initial attempt to collect the debt involved in Plaintiff's claims occurred prior to the effective date of the statute and at the latest on June 21, 1976, when suit was filed against Plaintiff.

17. Alternatively, Plaintiff's claims are barred by the 1 year statute of limitations applicable to the FDCPA. Should the Court determine that a validation notice was required after the effective date of the statute, then any additional "initial" attempt to collect the debt occurred many years ago and any related claim is barred by limitations.

18. Defendant denies that it was required to provide a "validation notice" to Plaintiff in connection with the notice in the garnishment action.

Respectfully submitted,

BLALACK & WILLIAMS, P.C.
Attorneys for Defendant

BY: _____
Randy Roberts, ID #17016400
Robert A. Woodcock, ID #24010490
One Mockingbird Plaza
1420 W. Mockingbird, Ste. 640
Dallas, TX 75247-4932
214/630-1916; 214/630-1112 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer has been served upon Plaintiff's counsel by certified mail, return receipt requested.

Mark V. Oppenheimer
Attorney at Law
3129 Sondra Dr. #202
Ft. Worth, TX 76107

Date: 12/29/04

_____
Robert A. Woodcock
Randy Roberts